The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONGQI LIU,

    Plaintiff,

v.

VEEVA SYSTEMS INC., *et al.*,

    Defendants.

NO. 23-cv-1784-BJR

**ORDER GRANTING REMAND**

## I.    INTRODUCTION

Plaintiff, Dongqi Liu, originally filed this case in King County Superior Court alleging that Defendant, Veeva Systems Inc. ("Veeva") had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. Veeva removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a) and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal, ECF No. 1. Now pending before the Court is Plaintiff's motion to remand this case. Mot., ECF No. 23. Having reviewed the materials[1] and the

---

[1] Including the motion, ECF No. 23; response in opposition, ECF No. 24; and reply, ECF No. 27.

ORDER GRANTING REMAND

- 1

relevant legal authorities, the Court will grant Plaintiff's motion and remand this case to King County Superior Court. The reasoning for the Court's decision follows.

## II.     BACKGROUND

On October 12, 2023, Dongqi Liu applied to work for Veeva in Seattle, Washington. Compl. ¶¶ 8, 14-15; Ex.1,[2] ECF No. 1-1. He alleges that the posting for the job opening did not disclose the wage scale or salary range to be offered. *Id.* ¶¶ 14-15; Ex.1. Mr. Liu claims to represent more than 40 potential class members who also applied for jobs with Veeva for positions that did not disclose the wage scale or salary range. *Id.* ¶ 14. Mr. Liu's complaint was virtually identical to numerous other putative class-action lawsuits filed by multiple plaintiffs represented by Emery Reddy, PLLC, and subsequently removed to this Court by the defendants. In his remand motion, Mr. Liu refers to prior decisions this Court has made in some of these other cases, arguing that similarly, his case must be remanded because this Court lacks subject matter jurisdiction due to his failure to plead Article III standing. Mot. 1-2. He also contends that the Court lacks jurisdiction under CAFA, and the case does not meet the $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.*

## III.     LEGAL STANDARD

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the

---

[2] The Court notes that the exhibit shows a job posting for Veeva Labs' product management team in Seattle, Washington, although it is not evident that Mr. Liu applied for the job. *See* Compl. Ex.1, ECF No. 1-1.

ORDER GRANTING REMAND
- 2

complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Jurisdiction is based on the pleadings filed at the time of removal and is based "solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *Id.* (quoting *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV.  DISCUSSION

Veeva argues that this Court has federal jurisdiction under both 28 U.S.C. § 1332(a) and CAFA. Opp'n 1-3, 5-12, ECF No. 24.  Veeva also asserts that Mr. Liu sufficiently alleges Article III standing because he alleged having lost valuable time. *Id.* at 2-5. "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). Whether Plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498

ORDER GRANTING REMAND

- 3

1  (1975) (stating that standing is jurisdictional). Even in a class action, "standing is the threshold
2  issue . . . . If the individual plaintiff lacks standing, the court need never reach the class action
3  issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

4        "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is
5  concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the
6  defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v.*
7  *Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61
8  (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements."
9  *Lujan*, 504 U.S. at 561; *see also Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir.
10 2011) ("The burden of establishing removal jurisdiction, even in CAFA cases, lies with the
11 defendant seeking removal."). Further, "each element must be supported in the same way as any
12 other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of
13 evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

14       As Mr. Liu argues, this Court has found in similar— virtually identically pleaded—cases,
15 that the plaintiffs failed to allege that they applied for the posted positions in good faith with a
16 genuine interest in employment with the employer. *See, e.g.*, *Floyd v. Insight Global, LLC*, No.
17 2:23-cv-01680-BJR (W.D. Wash.); *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742-BJR (W.D.
18 Wash.); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR (W.D. Wash.). The Court concluded
19 that a violation of the statutory provision at issue here—a job posting with no compensation
20 information included—is a technical or procedural violation that by itself does not manifest
21 concrete injury but requires a bona fide applicant before there is a risk of harm. Consequently, there
22 was no allegation of injury sufficiently concrete for the purposes of Article III standing. *See Robins*
23 *v. Spokeo, Inc.*, 867 F.3d 1108, 1118 (9th Cir. 2017)).

24 ORDER GRANTING REMAND
25 - 4

When a plaintiff lacks Article III standing, the district court must remand the case. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). Here, Veeva, as the "party invoking federal jurisdiction," has not met its burden of demonstrating a case or controversy under Article III standing at this stage of litigation. Veeva asserts that Mr. Liu's allegation of harm from time wasted inherently implies that he was a bona fide applicant. Opp'n 3-4. But as noted above, in prior decisions, this Court has found that plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation. An allegation of time wasted from going through the motion of applying for a job without good-faith intent is insufficient to satisfy Article III standing. Because Plaintiff's lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c). As such, the Court need not address the arguments relating to diversity jurisdiction or jurisdiction under CAFA.

V.   CONCLUSION

For the foregoing reasons,

1. Plaintiff's Motion to Remand, ECF No. 23, is GRANTED.
2. This case is remanded to King County Superior Court.

DATED this 23rd day of September 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING REMAND
- 5